945 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ubrey Vernell HAYNES, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, et al., Defendants-Appellees.
 No. 91-1459.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1991.
 
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Aubrey Haynes appeals the judgment of the district court that dismisses his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Haynes is a Michigan prisoner confined at the State Prison for Southern Michigan (SPSM). On August 8, 1988, a fellow prisoner at SPSM, Saunders-El, stabbed Haynes while the two men were locked in an exercise yard together. As a result of the incident, Haynes filed the present civil rights action against the Director of the Michigan Department of Corrections and various SPSM prison officials alleging that the defendants in their official and individual capacities had violated his eighth amendment right to personal safety. Haynes requested five million dollars in punitive damages as relief.
 
 
 3
 The defendant prison officials acknowledged by their answer that the stabbing incident did occur, but denied that they were deliberately indifferent to Haynes' safety needs. Haynes' action was referred to a magistrate who recommended dismissal of Haynes' complaint. The district court rejected this initial recommendation but ultimately dismissed Haynes' complaint on the defendants' motion for summary judgment "because the record simply does not support ... [Haynes'] claims."
 
 
 4
 Upon review, we conclude that the district court properly dismissed Haynes' suit pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. A moving party is entitled to summary judgment under Rule 56 when the moving party shows that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 5
 In this instance, there are no genuine issues of material fact related to the governing law. Claims by prisoners alleging a violation of their eighth amendment right to personal safety are governed by the standard of deliberate indifference. Roland v. Johnson, 856 F.2d 764, 769 (6th Cir.1988); Stewart v. Love, 696 F.2d 43, 44 (6th Cir.1982). A defendant acts with deliberate indifference when "he causes unnecessary and wanton infliction of pain on the decedent by deliberately disregarding a serious threat to the decedent's safety after actually becoming aware of that threat." Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir.1990).
 
 
 6
 The district court record contains no evidence of deliberate indifference to Haynes' personal safety needs. When the evidence is examined in a light most favorable to Haynes, all that is established is that certain of the defendants were aware that Haynes considered Saunders-El to be a threat to his safety. The conscious awareness of a serious threat to Haynes' safety does not establish deliberate indifference to that threat.
 
 
 7
 The undisputed testimony of the parties reveals that prison officials went to extraordinary measures to ensure the safety of Haynes and of all the prisoners who chose to go to the exercise yard that day. Every prisoner who requested exercise that day was handcuffed in his cell, escorted to the base of the cell block by corrections officers and individually screened with a hand-held metal detector before being locked in the exercise yard with a corrections officer. Haynes does not dispute that these protective measures were taken on the date of the incident, only that they were negligently performed. Mere negligence by prison officials is not sufficient to give rise to a cognizable eighth amendment claim. Stewart v. Love, 696 F.2d at 44.
 
 
 8
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.